[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to General Statutes § 22a-6 (a)(3), plaintiff Commissioner of Environmental Protection has brought this action against defendants Arnie's Place, LTD, and Arnold Kaye individually for violation of § 22a-430. Plaintiff alleges in Count 1 of the complaint that defendant Arnie's Place, LTD initiated, created, originated or maintained a discharge of water, substance or material, consisting of gasoline, or its constituents, from an underground storage tank at 1385 Post Road East, Westport into the waters of the State without a permit.
In Count 2 the plaintiff alleges that defendant Arnold Kaye is the president and director of Arnie's Place, LTD, that he owned and/or operated property located at 1385 Post Road East, Westport, that he owned a two-thousand-gallon underground storage tank at the site, that he was the individual in charge of the tank, and that in violation of General Statutes § 22a-430 he initiated, created, originated, or maintained a discharge of water, substance, or material consisting of gasoline from the underground tank into the waters of the State without a permit for such discharge. Plaintiff seeks a civil penalty in the amount of $25,000 plus costs and expenses incurred by the State in detecting, investigating, controlling and abating the alleged violation.
A trial to the court was held on November 19 and 20, 1996. CT Page 388 The court finds the following facts. The statutes involved are provided in pertinent part as follows:
 § 22a-430 (a): "No person or municipality shall initiate, create, originate or maintain any discharge of water, substance or material into the waters of the state without a permit for such discharge issued by the Commissioner . . ."
 § 22a-423: "`Person' means any individual, partnership, association, firm, corporation or other entity . . . and any officer or governing or managing body of any partnership, association, firm or corporation . . ."
 § 22a-438 (a) "Any person who . . . violates any provision of this chapter . . . shall be assessed a civil penalty not to exceed twenty-five thousand dollars, to be fixed by the court for each offense. . . . In determining the amount of any penalty assessed under this subsection the court may consider the nature, circumstances, extent and gravity of the violation, the person or municipality's prior history of violations, the economic benefit resulting to the person or municipality from the violation, and such other factors deemed appropriate by the court . . ."
 § 22a-6a(a): "Any person who knowingly or negligently violates any provision of section . . . 22a-430 (a) . . . shall be liable to the state for the reasonable costs of the state in detecting, investigating, controlling and abating such violation . . ."
On June 4, 1993 defendant Arnie's Place, LTD was a Connecticut corporation with a place of business at 1365 Post Road East, Westport, Connecticut. Defendant Arnold Kaye ("Kaye") was its president and sole stockholder. Arnie's Place, LTD was dissolved in December 1995. CT Page 389
Prior to June 4, 1993 defendant Kaye was President and sole shareholder or sole owner of six or seven other corporations and/or entities. All these entities were located at 1365 and/or 1385 Post Road East in Westport and did business at either or both of these locations. On June 4, 1993 Arnie's Place, LTD was still doing business at 1365 Post Road East although the other entities had ceased doing business. Defendant Kaye was living at 1385 Post Road East.
On June 4, 1993 the realty located at 1365 and 1385 was owned by 157 Easton Road Corporation with Kaye being its president and sole shareholder. In March of 1993 said property had been transferred to 157 Easton Road Corporation from Arnold Kaye, d/b/a Arnie's Properties. Kaye had been the sole owner of Arnie's Properties.
Thus, at all times pertinent the businesses and real estate located at 1365 and 1385 Post Road East have been owned by Arnold Kay personally or by companies in which he was the sole shareholder and/or owner.
In 1985 Arnold Kaye installed a two-thousand-gallon underground storage tank in the rear of the building at 1385 Post Road East. Vehicles leased or owned by the corporations and entities in which Kaye was the sole shareholder or owner (including Arnie's Place) were fueled at the direction of Arnold Kaye with gasoline from that tank. After a year or two the tank was abandoned.
In 1993 Kaye and his companies attempted to arrange new financing related to the site. As part of the negotiations Kaye was informed that he should remove the tank from the site. Therefore, he solicited a bid from a tank removal company. Upon an inspection by the removal company it was determined that there was still gasoline in the tank, and that the cost of removal would be greater if the gasoline remained in the tank at the time of the removal.
On June 4, 1993, less than one week before the tank's scheduled removal, a garden hose was placed into the tank in order to pump out the gasoline. Thus, the water and gasoline were discharged from the tank down through the parking lot under cars and into catch basins. The Westport Fire Department was called, and upon arrival five inspectors observed a large spill of water CT Page 390 and gasoline starting from the tank located at 1385 Post Road East which followed the downward grade across approximately 200-250 feet of the parking lot and into a catch basin. The spill had spread west into two additional catch basins on Post Road East. The Department of Environmental Protection was called to the scene and Mr. Kaye was ordered to clean up the area and have the tank pumped out.
The court finds that the plaintiff has proved by a fair preponderance of the evidence that Arnold Kaye, acting in his individual capacity and as president and sole shareholder of his various corporations and entities (including Arnie's Place, LTD) intentionally arranged for the discharge of the gasoline from the underground storage tank by having a running hose inserted into the tank. As a result, approximately one hundred fifty gallons of gasoline were poured onto the parking lot and underneath the automobiles of patrons soliciting Arnie's Place. The gasoline flowed into three catch basins on Post Road East. The flow posed a serious threat to health and human safety.
Although Mr. Kaye had no permit to arrange for such a discharge, he had been told that it would cost more to have the tank removed if it contained gasoline. It was for this reason that he arranged for the discharge. In doing so he violated General Statutes § 22a-430 (a).
In assessing the penalty the court has taken into consideration the criteria set forth in General Statutes § 22a-438 (a). It has considered the nature, circumstances, extent and gravity of the violation. It has also considered that the defendants had no prior history of violations. While the gasoline discharge was serious, there was no actual injury to persons or the environment. Thus the court finds in accordance with § 22a-438 (a) that the civil penalty should be $3,500. Also in accordance with § 22a-6a(a), the court finds the defendants should be liable to the state for reasonable costs in investigating the violation. That amount is $1,069.19.
Accordingly judgment may enter for the plaintiff against both defendants in the amount of $4,569.19.
Frances Allen, Judge Trial Referee CT Page 391